IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FOODSOURCE, | : |
| Plaintiff, | : |
| v. | : Civ. No. 10-439-JJF-LPS |
| HARVIN FOODS INC., KEITH HARVIN, AND GRADY HARVIN, | : |
| Defendants. | : |

**REPORT AND RECOMMENDATION REGARDING MOTION
FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

This action was filed by Foodsource ("Plaintiff") against Defendants Harvin Foods, Inc., Keith Harvin, and Grady Harvin (collectively, "Defendants") on May 26, 2010. (D.I. 1) Plaintiff seeks relief under, and specific enforcement of, the statutory trust set forth in the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499 *et seq.*, and the PACA Regulations, 7 C.F.R. § 46.1 *et seq.*[1] Plaintiff filed a Motion for Temporary Restraining Order Without Notice and for Preliminary Injunction (the "Motion") on May 27, 2010. (D.I. 5) By the Motion, Plaintiff asks the Court to issue a temporary restraining order without notice to Defendants

---

[1] As the Third Circuit has explained, "Congress specifically singled out the potential harm to unpaid sellers in the perishable agricultural commodities industry for special protection under PACA such that no unpaid supplier with perfected rights should be relegated to seek money damages only, especially when dealing with a financially unstable debtor who is dissipating trust assets." *Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.*, 222 F.3d 132, 139 (3d Cir. 2000). The Third Circuit added: "Because PACA is remedial legislation, it should be construed broadly to effectuate its purpose." *Id.* at 138.

1

followed by a preliminary injunction with notice and a hearing. Specifically, Plaintiff seeks an order requiring Defendants to preserve and maintain trust assets and preventing any further dissipation of trust assets. The case has been referred to me by Judge Farnan "to hear and resolve all pretrial matters, up to and including the pretrial conference, subject to 28 U.S.C. § 636(b) and any further Order of the Court." (D.I. 7)

Having considered the Motion, Plaintiff's supporting memorandum and declaration, and other materials placed in the record by Plaintiff, I recommend that the Motion be **DENIED**. Plaintiff has failed to show that it will be irreparably injured if a temporary restraining order does not issue, and has not provided the Court with evidence as to why monetary damages would not be sufficient.

Plaintiff requests relief to "prevent further dissipation of trust assets." (D.I. 6 at 1; *see also id.* at 7, 9.) Plaintiff's counsel argues that "Plaintiffs will not be paid in full as required by PACA if Defendants' assets are not placed in trust by a Court Order. Despite due demand, Defendants have refused to pay Plaintiffs, and upon information and belief, Defendants are experiencing severe financial difficulties and/or are liquidating." (D.I. 5, Attorney Certification at 2) In its Motion, Plaintiff relies on *Frio Ice, S.A. v. Sunfruit, Inc.*, 918 F.2d 154, 159 (11th Cir. 1990), and *Tanimura & Antle*, 222 F.3d at 132, noting that relief should issue "[u]pon a showing that the trust is being dissipated or threatened with dissipation." (D.I. 6 at 11) In *Tanimura*, the Plaintiff "presented convincing evidence of both trust dissipation and the buyers' [*i.e.*, defendants'] inability ultimately to make payment." *Tanimura*, 222 F.3d at 139. There, the Third Circuit further stated: "We conclude that an adequate remedy at law does not exist, and that injunctive relief to prevent dissipation of PACA trust assets may issue, when it is shown that

the <u>trust is being depleted</u> and the <u>likelihood is great that there will be no funds available to satisfy a legal judgment</u> against the delinquent buyer." *Id.* (emphasis added).

Here, Plaintiff has failed to <u>show</u> either that the trust is being depleted or that the likelihood is great that Defendants will be unable to satisfy a legal judgment. Plaintiff has produced copies of unpaid invoices and a chart of such invoices. In her Declaration, Foodsource's Regional Controller states: "Foodsource has tried, unsuccessfully, to collect this trust debt on its own without litigation. Our unpaid invoice is now significantly past due. Upon information and belief, Harvin Foods has dissipated and will continue to dissipate, through its daily operations, limited PACA trust assets to which Foodsource is a perfected beneficiary." (D.I. 6 Ex. A ¶ 5) However, "[t]he mere failure timely to pay plaintiff does not demonstrate a dissipation or misuse of trust assets." *ZAS Intern. Agr. v. ZAS USA, Inc.*, 1998 WL 469958, at *2 (E.D. Pa. Aug. 7, 1998). While Plaintiff avers that "Defendants have tendered several checks that were returned due to insufficient funds" (D.I. 6 at 9), Plaintiff has not provided evidence of such checks. Finally, Plaintiff offers that a similar case pending in this District "also alleges that Harvin Foods has not paid for certain produce transactions, providing further evidence that Harvin Foods has dissipated, and not protected, PACA trust assets." (D.I. 6 at 2 (citing *Fresh Direct, Inc. v. Harvin Foods, Inc.*, C.A. No. 10-040-GMS (D. Del. Jan. 20, 2010) D.I. 11 (hereinafter "*Fresh Direct*"))) However, other <u>allegations</u> are not <u>evidence</u> of depletion of assets, particularly given that in *Fresh Direct* Chief Judge Sleet <u>denied</u> the TRO sought against Defendants. *See Fresh Direct.*[2] Having failed to make the requisite showing, Plaintiff should

---

[2]Indeed, in denying the requested TRO, Chief Judge Sleet found that "the plaintiffs produce[d] no evidence that the defendants are or will become *unable* to pay their debt" and "[t]here is no indication that trust assets are being dissipated." *Fresh Direct* at 1 n.1.

not be granted the relief it seeks.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections **of no longer than ten (10) pages within fourteen (14) days after being served with a copy of this Report and Recommendation.** Fed. R. Civ. P. 72(b). The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the district court. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 Fed. Appx. 924, 925 n.1 (3d Cir. 2006). **A party responding to objections may do so within fourteen (14) days after being served with a copy of objections; such response shall not exceed ten (10) pages. No further briefing shall be permitted with respect to objections without leave of the Court.**

The parties are directed to the Court's Standing Order In Non-*Pro Se* Matters For Objections Filed Under Fed. R. Civ. P. 72, dated November 16, 2009, a copy of which is available on the Court's website, www.ded.uscourts.gov/StandingOrdersMain.htm.

Dated: June 9, 2010

                                        Leonard P. Stark
                                        UNITED STATES MAGISTRATE JUDGE